AO 440 (Rev. 10193) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

DISTRICT OF __ NEW YORK

SOUTHERN

JOHN J. PAGODA

SUMMONS IN A CIVIL

CASE

Case                           Number 05 CV 7546

P.O. "JOHN DOE," TERRANCE MONAHAN,
MICHAEL R. BLOOMBERG, RAYMOND W. KELLY, JOSEPH J. ESPOSITO, THE
CITY OF NEW YORK, CONNIE FISHMAN and THE HUDSON RIVER PARK TRUST

TO: (Name and address of defendant)
John Doe, Monahan, Kelly, Esposito - One Police Plaza, NY, NY 10038
Bloomberg & City - c/o Corporation Counsel,
100 Church Street, NY, NY 10007
Fishman & Hudson - Pier 40 @ West Houston Street
2nd floor, NY, NY 10014

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFFS ATTORNEY (name

and address)

Alan D. Levine, Esq.
80-02 Kew Gardens Road, Suite
1010 Kew Gardens, New York 11415

an answer to the complaint which is herewith served upon you, within ___2 0_____ days after servi

J. MICHAEL McMAHON
CLERK

within a reasonable period of time after service.
(BY) DEPUTY CLERK

AUG 26 2005

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN J. PAGODA,

                Plaintiff,

                                                                                     COMPLAINT AND

    -  against  -                                         JURY TRIAL DEMAND

P.O. "JOHN DOE," TERRANCE MONAHAN,
MICHAEL R. BLOOMBERG, RAYMOND W. KELLY,
JOSEPH J. ESPOSITO, THE CITY OF NEW YORK,
CONNIE FISHMAN and THE HUDSON RIVER
PARK TRUST,
                Defendants.
------------------------------------------------------------X

       Plaintiff, JOHN J. PAGODA, by his attorney, ALAN D. LEVINE, ESQ., as and for his complaint herein, hereby alleges as follows:

## JURISDICTION

       1.     This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

       2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the first, fourth and fourteenth amendments to the Constitution of the United States.

       3.     Jurisdiction is founded upon 28 U.S.C. §§1331,1343 and 1367.

       4.     Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest, malicious abuse of criminal process, and inducement of fear of serious illness.

## VENUE

       5.     Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## **PARTIES**

7. At all times relevant hereto, plaintiff, JOHN J. PAGODA, was and is a natural person, resident in the City and County of Rensselaer, State of New York.

8. At all times relevant hereto, defendant P.O. "JOHN DOE" (hereinafter "DOE") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant TERRANCE MONAHAN (hereinafter "MONAHAN") was and is natural person, employed as a chief by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant MICHAEL R. BLOOMBERG (hereinafter "BLOOMBERG") was and is a natural person, employed as Mayor of defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant RAYMOND W. KELLY (hereinafter "KELLY") was and is a natural person, employed as Commissioner of the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant JOSEPH J. ESPOSITO (hereinafter "ESPOSITO") was and is a natural person, employed as Chief of the Police Department of defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

14. At all times relevant hereto, defendant CONNIE FISHMAN (hereinafter "FISHMAN") was and is a natural person, employed as President of defendant HUDSON RIVER PARK TRUST.

15. At all times relevant hereto, defendant HUDSON RIVER PARK TRUST (hereinafter "TRUST") was and is a public benefit corporation, organized and existing pursuant to the laws of the State of New York.

16. The individual defendants are sued in their individual capacities as well as in their capacities as employees of defendants CITY OF NEW YORK or HUDSON RIVER PARK TRUST.

17. On or about November 24, 2004, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York and upon defendant TRUST verified written notices of claim, setting forth the time, place, nature and manner in which said claims arose.

18. More than thirty (30) days have elapsed since the aforesaid verified notices of claim were served and both the Comptroller and defendant TRUST have neglected and refused to make payment of said claims.

19. This action is commenced within one year from the date the pendent claims herein accrued.

**FACTS COMMON TO ALL CAUSES OF ACTION**

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" hereinabove as if more fully set forth at length herein.

21.     On or about August 31, 2004, at approximately 3:00 P.M., in the vicinity of Church and Fulton Streets in the County, City and State of New York, plaintiff was lawfully present on the sidewalk for the commencement of a march in protest of certain policies of the United States government.

22.     Pursuant to the instructions of a superior officer of the Police Department of defendant CITY OF NEW YORK, who was present at the aforesaid time and place, plaintiff was commencing to proceed along the sidewalk, two abreast.

23.     Almost immediately after plaintiff commenced to walk as hereinabove described, defendant MONAHAN shouted, "That's it" and ordered the arrests of all persons walking on the sidewalk, including plaintiff.

24.     Immediately upon hearing the shout of "That's it," plaintiff, along with the other persons attempting to participate in the march, were blocked from proceeding any farther by a phalanx of police officers employed by defendant CITY and commanded by defendant MONAHAN.

25.     Plaintiff was physically penned in through the use of plastic orange netting applied by the aforesaid officers.

26.     Plaintiff was placed under arrest by defendant DOE and, without any probable cause therefor, was charged with two counts of disorderly conduct, a violation; and one count of parading without a permit, a violation of the New York City Administrative Code.

27.     Plaintiff was restrained with plastic handcuffs, was photographed and was compelled to board a bus.

28. The aforesaid bus transported plaintiff to Pier 57 on the Hudson River, which is a facility owned, operated and maintained by defendant TRUST.

29. Once he had arrived at Pier 57, plaintiff exited the aforementioned bus, was photographed again, had his personal property vouchered and was placed in a series of large pens made of chain link fencing.

30. Pier 57 is a former Metropolitan Transportation Authority bus garage. Pursuant to a written agreement between defendants CITY and TRUST, it was being used during the 2004 Republican National Convention as a detention center for persons arrested while exercising their rights pursuant to the first amendment.

31. The floor of Pier 57, including all the portions thereof divided into holding pens, was covered with a thick, dark layer representing years of accumulated soot, diesel exhaust, petroleum residues and other substances.

32. Upon information and belief, the aforesaid layer of accumulated chemical grime on the floors of the pens in which plaintiff was held contained toxic and carcinogenic substances.

33. Although there were benches placed around the inner perimeter of the aforesaid pens, their seating capacity was woefully inadequate to accommodate the number of persons being held in each pen.

34. Consequently, plaintiff was forced to spend most or all of his time while incarcerated on the floor and, thus, in direct contact with the aforesaid toxic and carcinogenic grime.

35. After being held at Pier 57 for a period of time, plaintiff was transported to Manhattan Central Booking, a facility operated by the Police Department of defendant CITY, which is located at 100 Centre Street in the County, City and State of New York.

36. After being held for a period of time at 100 Centre Street, plaintiff was brought before a Judge of the Criminal Court of the City of New York and received an adjournment in contemplation of dismissal on the charges against him.

37. Plaintiff was held for approximately twenty-seven and one-half hours.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS DOE and MONAHAN
### (42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" hereinabove as if more fully set forth at length herein.

39. Defendants DOE and MONAHAN violated plaintiff's right to speak and peacefully assemble, guaranteed to him by the first and fourteenth amendments to the Constitution of the United States, in that, without any cause or provocation whatsoever, defendant DOE, acting pursuant to the directions of defendant MONAHAN, arrested plaintiff while he was engaged in lawful activity involving the expression of political opinion.

40. Because of the aforesaid acts committed by defendant DOE, while acting pursuant to the direction of defendant MONAHAN, plaintiff suffered a deprivation of the liberty guaranteed to him by the first and fourteenth amendments to the Constitution of the United States and, as a result, was denied the opportunity to freely express his opinions on a matter of public interest and importance.

41. By reason of the aforesaid unconstitutional and illegal actions taken against plaintiff by defendant DOE, while acting pursuant to the directions of defendant MONAHAN, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants DOE and MONAHAN.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS DOE and MONAHAN
**(42 U.S.C. § 1983)**

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" hereinabove as if more fully set forth at length herein.

43. Defendants DOE and MONAHAN falsely placed plaintiff under arrest and falsely imprisoned him.

44. Because of the aforesaid acts, committed by defendant DOE while he was acting pursuant to the direction of defendant MONAHAN, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered a loss of liberty, was denied the opportunity to freely express his opinions on a matter of public interest and importance, lost time from his employment, suffered present physical and emotional injuries requiring medical and psychological treatment, suffered possible future injury likely to require medical and psychological treatment and reasonably anticipates having future expenses for injuries and illnesses arising from his incarceration.

45. By reason of the aforesaid unconstitutional and illegal actions taken against him by defendant DOE, while he was acting pursuant to the directions of defendant MONAHAN, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants DOE and MONAHAN.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS BLOOMBERG, KELLY, ESPOSITO and THE CITY OF NEW YORK
**(42 U.S.C. § 1983)**

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" hereinabove as if more fully set forth at length herein.

47. Pursuant to an official policy of defendants BLOOMBERG, KELLY, ESPOSITO and THE CITY OF NEW YORK, adopted in order to suppress and abridge the rights guaranteed to plaintiff and others by the first and fourteenth amendments to the Constitution of the United States, the processing of plaintiff's arrest was intentionally, purposely and maliciously delayed and the period of his imprisonment was intentionally, purposely and maliciously extended, so that, by the time he was released from incarceration, his opportunities to publicly express his political beliefs and points of view during the Republican National Convention were lost.

48. As a result of the implementation of the aforesaid official policy of defendants BLOOMBERG, KELLY, ESPOSITO and THE CITY OF NEW YORK, plaintiff suffered both a deprivation of the right to free speech guaranteed to him by the first and fourteenth amendments to the Constitution of the United States and a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth

amendments to the Constitution of the United States, in that he, through no culpable conduct of his own, but solely because of the aforesaid policy of defendants BLOOMBERG, KELLY, ESPOSITO and CITY OF NEW YORK, was intentionally, purposely and maliciously deprived of his liberty and his opportunity to speak on matters of public interest and concern, and was confined for an illegal and unconstitutional length of time.

49. By reason of the aforementioned unconstitutional and illegal official policy of defendants BLOOMBERG, KELLY, ESPOSITO and CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS BLOOMBERG, KELLY, ESPOSITO and FISHMAN
**(42 U.S.C. § 1983)**

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" hereinabove as if more fully set forth at length herein.

51. At a date prior to the incarceration of plaintiff at Pier 57, defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN approved the use of said facility as a place of incarceration for persons arrested while protesting during the Republican National Convention, including plaintiff.

52. At the time defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN approved the use of Pier 57 for the purpose of incarceration, as stated hereinabove, they were or should have been fully aware that said facility contained on its floor, on its walls, on its ceiling and in the air therein, dangerous levels of toxic and carcinogenic substances.

53. Defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN's act of approving the use of Pier 57 as a place of incarceration for persons arrested while protesting the Republican National Convention, including plaintiff, although they knew or should have known that the environmental hazards present therein posed an unreasonable risk of serious damage to the present and future health of persons confined therein, including plaintiff, demonstrates that they acted with deliberate indifference to the health and safety of all persons incarcerated therein, including plaintiff.

54. Defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN violated plaintiff's right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States in that, acting under color of state law, they, knowing of the present and future risk to the health and safety of arrestees, including plaintiff, permitted Pier 57 to be used as a place for incarcerating persons arrested during the Republican National Convention, including plaintiff, thereby exposing plaintiff to the aforesaid toxic and carcinogenic substances.

55. As a result of the aforesaid act committed by defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States and, as a result, suffered a loss of liberty, was denied the opportunity to freely express his opinions on a matter of public interest and importance, lost time from his employment, suffered present physical and emotional injuries requiring medical and psychological treatment, suffered possible future injury likely to require medical and

psychological treatment and reasonably anticipates having future expenses for injuries and illnesses arising from his incarceration.

56. By reason of the unconstitutional and illegal actions taken against plaintiff by defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS DOE, MONAHAN and THE CITY OF NEW YORK
**(False Arrest)**

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" hereinabove as if more fully set forth at length herein.

58. On or about August 31, 2004, at approximately 3:00 P.M., in the vicinity of Church and Fulton Streets, in the County, City and State of New York, plaintiff was, without any probable cause therefor, arrested by defendant DOE, who was acting pursuant to the direction of defendant MONAHAN.

59. Against his own free will, plaintiff was held for approximately twenty-seven and one-half hours.

60. Defendant DOE, acting under the direction of defendant MONAHAN, falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed two counts of disorderly conduct and one count of parading without a permit.

61. Plaintiff was illegally, falsely, maliciously, wrongfully and unlawfully kept in confinement in buses being used by the Police Department of defendant CITY OF NEW YORK, at Pier 57 and at Manhattan Central Booking.

62. At the time they committed the aforesaid acts of false arrest and false imprisonment, defendants DOE and MONAHAN were acting within the scope of their employment by defendant CITY OF NEW YORK.

63. By reason of the acts of false arrest and false imprisonment committed against plaintiff by defendants DOE and MONAHAN, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered a loss of liberty, was denied the opportunity to freely express his opinions on a matter of public interest and importance, lost time from his employment, suffered present physical and emotional injuries requiring medical and psychological treatment, suffered possible future injury likely to require medical and psychological treatment and reasonably anticipates having future expenses for injuries and illnesses arising from his incarceration.

64. By reason of the unconstitutional and illegal actions taken against plaintiff by defendants DOE and MONAHAN, while they were acting in the course of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants DOE and MONAHAN.

**AS AND FOR A SIXTH CAUSE OF ACTION
AGAINST DEFENDANTS BLOOMBERG, KELLY,
<u>ESPOSITO and THE CITY OF NEW YORK</u>**
**(Abuse of Criminal Process)**

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" hereinabove as if more fully set forth at length herein.

66. Defendants BLOOMBERG, KELLY and ESPOSITO, prior to plaintiff's arrest, intentionally, maliciously and illegally devised a plan and strategy to hold persons arrested in protests during the Republic National Convention for periods in excess of twenty-four hours.

67. The purpose of the aforementioned plan was to hold demonstrators who were arrested for such excessively lengthy periods of time that they would not be able to renew the exercise of their free speech activities until the President of the United States had concluded his appearance at the aforesaid Convention.

68. As a result of the aforesaid illegal and improper policy, plaintiff was held for approximately twenty-seven and one-half hours.

69. At the time that defendants BLOOMBERG, KELLY and ESPOSITO planned and implemented the aforesaid policy, they were acting within the course of their employment as employees of defendant CITY OF NEW YORK.

70. Defendants BLOOMBERG, KELLY and ESPOSITO intentionally, maliciously and illegally abused criminal process as aforesaid purely so as to prevent plaintiff and others from the further exercise of their first amendment rights during the Republican National Convention and held plaintiff for more than twenty-four hours without any proper excuse or justification therefor and, as a result, plaintiff suffered a loss of liberty, was denied the opportunity to freely express his opinions on a matter of public interest and importance, lost time from his employment, suffered present physical

and emotional injuries requiring medical and psychological treatment, suffered possible future injury likely to require medical and psychological treatment and reasonably anticipates having future expenses for injuries and illnesses arising from his or her incarceration.

71. By reason of the aforesaid unconstitutional and illegal actions taken against him by defendants BLOOMBERG, KELLY and ESPOSITO, while they were acting in the course of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BLOOMBERG, KELLY and ESPOSITO.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF NEW YORK, and THE HUDSON RIVER PARK TRUST
**(Future Medical Expenses)**

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "71" hereinabove as if more fully set forth at length herein.

73. On a date prior to August 26, 2004, defendants CITY OF NEW YORK and HUDSON RIVER PARK TRUST entered into an agreement, pursuant to the terms of which Pier 57 was to be used as a place of incarceration for persons arrested for alleged illegal activities related to the Republican National Convention.

74. At the time the aforesaid agreement was entered into, defendants CITY and TRUST, through certain of their agents, servants and employees, were aware that Pier 57 contained on its floors, on its walls, on its ceiling and in the air therein, dangerous levels of toxic and carcinogenic substances.

75. Plaintiff was incarcerated at Pier 57 after being arrested during the Republican National Convention.

76. As a result of his incarceration at Pier 57, plaintiff was exposed to the aforesaid dangerous levels of toxic and carcinogenic substances.

77. As a result of the aforesaid exposure to dangerous toxic and carcinogenic substances, plaintiff reasonably anticipates consequential damages in the form of future expenses for medical monitoring and testing.

78. Consequently, as a result of his exposure to the aforementioned dangerous, toxic and carcinogenic substances, which exposure occurred during his incarceration at Pier 57, plaintiff demands the sum of One Hundred Thousand ($100,000.00) Dollars from defendants CITY and TRUST to pay the costs of required future medical monitoring and testing.

WHEREFORE, plaintiff, JOHN J. PAGODA, demands judgment against defendants P.O. "JOHN DOE," TERRANCE MONAHAN, MICHAEL R. BLOOMBERG, RAYMOND W. KELLY, JOSEPH J. ESPOSITO, THE CITY OF NEW YORK, CONNIE FISHMAN and THE HUDSON RIVER PARK TRUST, as follows:

FIRST CAUSE OF ACTION:    One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants DOE and MONAHAN;

SECOND CAUSE OF ACTION:    One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants DOE and MONAHAN;

THIRD CAUSE OF ACTION:    One Million ($1,000,000.00) Dollars;

FOURTH CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN;

FIFTH CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants DOE and MONAHAN;

SIXTH CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BLOOMBERG, KELLY and ESPOSITO;

SEVENTH CAUSE OF ACTION: One Hundred Thousand ($100,000.00) Dollars.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      August 23, 2005

_____
ALAN D. LEVINE (AL 3634)
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
718-793-6363
File No. 2010